REQUESTED BY: Senator Harold Sieck 24th Legislative District State Capitol Lincoln, Nebraska 68509
Dear Senator Sieck:
On January 15, 1981, we furnished you with an opinion responding to an inquiry you had submitted for our review about the constitutionality of LB 58, a bill to authorize airport authorities to transfer title to land to non-profit corporations for research purposes. On January 20, 1981, we received your request for a supplemental opinion asking us to review LB 58 in light of Sections 20 and 21 of ArticleIII of the Nebraska Constitution.
It appears to us that the essence of your question is whether LB 58 can constitutionally authorize airport authorities to convey title to land owned by them to non-profit corporations for research purposes for less than the full market value of the property. We find no violation of ArticleIII, Section 20 of the Nebraska Constitution by such an arrangement, but we can be much less definitive with respect to Article III, Section 21, which provides as follows: `Lands under control of the state shall never be donated to railroad companies, private corporations or individuals.'
We feel compelled to note preliminarily that we are not convinced that the effect of LB 58 would be to authorize the sale of land at less than market value in many, if not most, instances. The land sold pursuant to LB 58 would carry with it the stringent and perpetual restriction that it be used only for research purposes. It strikes us that the market value of property so restricted in use would be significantly less than that without such a restriction.
Notwithstanding that it has been contained in the Nebraska Constitution for over a century, the Nebraska Supreme Court has had little opportunity to interpret Section 21 of Article III. Similarly, cases from other jurisdictions that might be helpful are virtually non-existent. Nevertheless, our review has given rise to several observations. First, the larger the discrepancy between the authorized sales price and the market or appraised value of the property, the more suspect is the legislation. Second, the less that the legislation authorizing the sale to a private entity furthers a public purpose, the more suspect the legislation is on the question of donation. Third, where the legislation would restrict the sale only to certain purchasers, the more reasonable, appropriate and valid their classification, the less suspect the legislation with respect to the question of donations.
Yours truly, PAUL L. DOUGLAS Attorney General Shanler D. Cronk Assistant Attorney General